**In the Matter of Monty P. McCLELLAN, Debtor–Appellant.**

No. 95–3802.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 6, 1996.

Decided Nov. 7, 1996.

Reynolds M. Everett, Jr. (submitted on briefs), Everett & Luymes, Galva, IL, for Marsha F. Newman, Trustee.

Richard L. Whitman, Sr., Monmouth, IL, for National Bank of Monmouth, Appellee.

Robert M. Musselman, Charlottesville, VA, for Debtor–Appellant.

Before CUMMINGS, BAUER, KANNE, Circuit Judges.

BAUER, Circuit Judge.

Monty P. McClellan ("Debtor") filed a Motion for Distribution of Exempt Property in federal bankruptcy court, Central District of Illinois, Rock Island Division. The bankruptcy court denied Debtor's motion. It further ordered that the bankruptcy trustee pay over Debtor's proceeds from two employee deferred compensation plans in accordance with an earlier determination made by the Circuit Court of Warren County, Illinois. These plans were established and qualified under the provisions of the Employee Retirement Income Security Act of 1984 ("ERISA"). Debtor appealed to the district court. The district court concluded that the bankruptcy court lacked subject matter jurisdiction over Debtor's motion, and it vacated the bankruptcy court's order. Debtor now appeals the district court's order. We affirm.

**Background**

Debtor is a doctor who practiced through a professional corporation known as M & S Medical Center, S.C. ("M & S") located in Aledo, Illinois. On February 9, 1984, in a Warren County circuit court, the National Bank of Monmouth ("the Bank") obtained a judgment against Debtor for $150,145.53 plus court costs. On February 14, 1984, Debtor and M & S filed a petition for Chapter 11 relief under the United States Bankruptcy Code. A federal bankruptcy court consolidated Debtor's and M & S's cases and appointed a trustee in bankruptcy ("the trustee"), Marsha K. Newman. At the time Debtor filed his petition, Debtor and other M & S employees were vested participants in two ERISA-qualified deferred compensation plans, the M & S Pension Plan and the M & S Profit Sharing Plan ("the plans"). B.C. Christopher Securities ("Christopher"), a Kansas City brokerage firm, was custodian for the plans' funds.

On October 14, 1984, the trustee filed a complaint for turnover in federal bankruptcy court for the Central District of Illinois. The trustee wished to recover those assets of the plans which Christopher held. On December 7, 1984, the bankruptcy court entered an order directing Christopher to turn over possession of the pension funds to the trustee, specifically, cash totaling $112,722.90 plus interest and 623,840 shares of Multi–National Industries Corporation stock. In accordance with the order, the trustee liquidated the shares and paid out to the other participants their interests in the plans. The trustee then placed the remaining balance of $81,648.60, which constituted Debtor's share of the plans' proceeds, in the trustee's general bank account. The trustee has retained possession of these funds ever since.

On January 30, 1985, the consolidated Chapter 11 cases were converted to a single Chapter 7 bankruptcy case. Debtor was subsequently convicted in federal district court for the Central District of Illinois on two counts of bankruptcy fraud, one count of

mail fraud, and two counts of making false statements to a federally insured bank. As a result, Bankruptcy Judge William V. Altenberger entered an order denying Debtor a discharge in bankruptcy.

On June 15, 1992, the United States Supreme Court decided the case of *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). In *Patterson*, the Court held that ERISA-qualified plans are not considered part of the bankruptcy estate. In the wake of Patterson, on August 7, 1992, Debtor filed a Motion for Distribution of Exempt Property in federal bankruptcy court for the Central District of Illinois, Rock Island Division. Debtor sought to recover the $81,648.60 held by the trustee. The Bank claimed that the non-wage garnishment judgment it obtained on February 9, 1984 precluded the bankruptcy court from possessing the jurisdiction to order the trustee to distribute Debtor's proceeds from the plans. On March 26, 1993, Judge Altenberger ruled that the $81,648.62 remained the property of the bankruptcy estate and therefore denied Debtor's motion for distribution. Debtor and the Bank both appealed to the federal district court for the Central District of Illinois, Rock Island Division. Judge Michael M. Mihm affirmed the bankruptcy court's decision. Debtor then appealed to this Court. The Bank cross-appealed. On January 6, 1995, in an unpublished order, we applied *Patterson v. Shumate* retroactively, reversed the decision of the district court and thereby held that the bankruptcy court lacked subject matter jurisdiction over the Debtor's share of the plans' proceeds.

On March 2, 1995, the Bank filed a non-wage garnishment summons against the trustee in the Circuit Court of Warren County, Illinois. A hearing was held before Judge Patricia Walton. On September 25, 1995, Judge Walton determined that the plans' funds belonged to the Bank. Debtor appealed to the Illinois Appellate Court.

In the meantime, Debtor wished to remove the aforementioned state case to the district court. The Bank objected on the grounds that the court lacked subject matter jurisdiction. Judge Joe Billy McDade agreed and remanded the case back to state court. On May 10, 1995, Debtor filed a Motion for Reconsideration. On June 5, 1995, Judge McDade, in a written order, Case No. 95–4051, determined that the district court lacked subject matter jurisdiction. The district court found that the Bank was neither a participant nor a beneficiary of the ERISA-qualified plans in question and that, therefore, ERISA did not provide a source of federal jurisdiction over the Bank's state court garnishment claim. The court denied Debtor's Motion for Reconsideration, remanded the case back to state court, and ruled that the case was terminated.

On April 19, 1995, in Case No. 184–00271, Debtor again filed a Motion for Distribution of Exempt Property before Bankruptcy Court Judge Altenberger. Debtor requested that the court enter an order directing the trustee to follow Debtor's instructions for rollover or other appropriate distribution of his interest in the plans. The Bank objected because we had already ruled in our January 6, 1995 opinion that the bankruptcy court lacked jurisdiction over the funds in question. On June 28, 1995, Judge Altenberger entered an order which denied Debtor's motion and required the trustee to pay over the pension funds in the amount and in the manner directed by the state court. Debtor appealed to the district court. On October 31, 1995, the district court concluded that the bankruptcy court lacked subject matter jurisdiction and vacated the order of the bankruptcy court. Debtor now appeals this district court order. We affirm.

**Analysis**

■ Despite the winding procedural path of this case and the myriad of motions it has generated, the issue on appeal is simple: whether the bankruptcy court had jurisdiction to hear Debtor's second Motion for Distribution of Exempt Property. We find no such jurisdiction.

■ When Debtor's first Motion to Distribute Exempt Property was before us, we held that, in light of *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), the plans in the present case were excluded from Debtor's bankruptcy estate. *In re McClellan*, Nos. 94–1255 and 94–1284,

1995 WL 7643 at *3 (7th Cir. Jan. 6, 1995). In *Patterson,* the Supreme Court held that 11 U.S.C. § 541(c)(2) excludes ERISA-qualified pension plans from the bankruptcy estate. 504 U.S. at 758, 112 S.Ct. at 2246–47. Bankruptcy courts do not have subject matter jurisdiction and cannot administer property excluded from or outside the bankruptcy estate. *McClellan,* 1995 WL 7643, at *3. We therefore held that *Patterson's* applicability rendered the bankruptcy court without subject matter jurisdiction to distribute the pension plans. *Id.* We reversed the district court and remanded the case to state court.

Nothing has changed since the time of our order. Debtor simply filed another Motion for Distribution of Exempt Property in bankruptcy court, after the Bank filed a nonwage garnishment summons in state court but before Judge Patricia Walton ruled that the Debtor's proceeds belonged to the Bank. In this second motion, Debtor requested that the bankruptcy court do what we had already stated it had no jurisdiction to do. Just as Debtor's claim remains the same, so does our conclusion: the bankruptcy court lacked the jurisdiction to order that the trustee pay over the plans' funds in accordance with the state court's ruling.

In their briefs to this Court, the parties disagree as to whether the district court would have had exclusive jurisdiction to hear Debtor's second motion. However, under the facts of this case, we need not address this issue. The Debtor tried once already to remove the Bank's state court garnishment action to federal district court. The district court found that the Bank was neither a participant nor a beneficiary of M & S's ERISA-qualified plans. The district court therefore remanded the case back to state court. Having failed in his removal efforts, Debtor chose to bring a second Motion for Distribution of Exempt Property to federal bankruptcy court, which lacked subject matter jurisdiction to hear Debtor's claim. The district court correctly vacated the bankruptcy court's order that the trustee follow the findings of the state court. Therefore, all that remains is the Bank's original state court garnishment action. Debtor has already appealed the state court's determina-

tion that the plans' funds belong to the Bank. When all is said and done, the proper forum to hear Debtor's appeal of the state court's decision is the Illinois Appellate Court.

**Conclusion**

For the foregoing reasons, we affirm the order of the district court.